UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

_____

Terry Nelson and Clark Anderson as Trustees of the Painters and Allied Trades District Council No. 82 Health Care Fund, Timothy Maitland as a fiduciary of the International Painters and Allied Trades Industry Pension Fund, Terry Nelson and Mark Rislund as Trustees of the Painters and Allied Trades District Council 82 STAR Fund, the Painters and Allied Trades District Council No. 82 Health Care Fund, the International Painters and Allied Trades Industry Pension Fund and the Painters and Allied Trades District Council 82 STAR Fund,

       Plaintiffs,

vs.

Advanced Signs, Inc. d/b/a Lakehead Sign Company,

       Defendant

_____

Civil File No.: _____

**COMPLAINT**

Plaintiffs, for their Complaint against the Defendant, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.    Plaintiffs are Trustees and fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the International Painters and Allied Trades Industry Pension Fund and the Painters and Allied Trades District Council 82 STAR Fund ("Funds").

1

2. The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to § 302(c)(5) of the Labor Relations Management Act of 1974 ("LMRA"), as amended, 29 U.S.C § 186(c)(5). The Funds are exempt from federal income taxation pursuant to the Internal Revenue Code.

3. The Funds, with the exception of the Painters and Allied Trades District Council 82 STAR Fund, are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended 29 U.S.C. § 1001, *et seq*.

4. Defendant Advanced Signs, Inc. d/b/a Lakehead Sign Company ("Advanced Signs") is a Minnesota business corporation with a registered address of 1600 29th Street, Cloquet, Minnesota 55720. Advanced Signs is an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

5. This is an action by the Funds' Trustees and/or fiduciaries to collect unpaid fringe benefit contribution payments. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502, 29 U.S.C. § 1132 and ERISA § 515, 29 U.S.C. § 1145. Subject matter jurisdiction is also conferred by LMRA § 301, 29 U.S.C. § 185 and the federal common law developed thereunder.

6. The Funds are administered in Hennepin County, Minnesota, therefore, venue is proper in this court pursuant to ERISA § 502, 29 U.S.C. § 1132.

## **FACTS**

7. The Funds re-allege and incorporate by reference paragraphs 1-6 herein.

8. On July 15, 2015, Advanced Signs became bound to a collective bargaining agreement negotiated between Advanced Signs and the Painters and Allied Trades Local Union #106/District Council 82 with a term of May 1, 2015 through April 30, 2018 ("CBA).

9. The CBA provides that it shall remain in full force and effect from May 1, 2015 to and including April 30, 2018, and shall continue from year to year thereafter unless written notice of desire to cancel or terminate the CBA is served not less than sixty (60), and not more than ninety (90) days prior to May 1, 2015 or May 1st of any subsequent year.

10. To date, neither party to the CBA has provided written notice of any desire or terminate the CBA.  Accordingly, Advanced Signs remains bound to the CBA through at least April 30, 2020.

11. The CBA requires Advanced Signs to submit monthly contributions to the International Painters and Allied Trades Industry Pension Fund and the Painters and Allied Trades District Council 82 STAR Fund on an hourly basis for each hour worked by its employees performing work covered by the CBA.

12. The CBA requires Advanced Signs to submit a monthly premium to the Painters and Allied Trades District Council No. 82 Health Care Fund for each employee in a job classification covered by the CBA.

13. The CBA provides that Advanced Signs is bound to the Declaration of Trust for the Painters and Allied Trades District Council No. 82 Health Care Fund ("Health Fund") and the International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and all amendments thereto as though it had actually signed the same.

14. The Trust Agreement for the Pension Fund states that the employer shall make all reports on contributions in such manner and form required by the Funds. The Pension Fund requires signatory employers to identify and provide to the Pension Fund a list of its employees performing covered work on a monthly basis together with the number of such hours worked by its employees.

15. The Trust Agreement for the Health and Welfare Fund states that employer contributions shall become delinquent if the premium is not received by the 15th day of the calendar month in which the contribution is payable. In order for the Funds to determine Advanced Sign's monthly premium, Advanced Sign is required to disclose to the Funds on a monthly basis all employees performing work in classifications covered by the CBA.

16. Independent of the CBA, 29 U.S.C. § 1059 requires employers such as Advanced Signs to maintain and preserve contemporaneously accurate documentation showing what employees performed what CBA-covered work on what projects for what hours on what given date.

17. If Advanced Signs fail to maintain satisfactory records from which the type of work being performed by an individual may reasonably be determined, Advanced Signs is liable for all of the hours worked by that individual for whom Advanced Signs is unable

to produce satisfactory records verifying the type of work being performed by that individual.

18.   The CBA and Trust Agreements for the Health Fund and Pension Fund require Advanced Signs to pay interest on any untimely submitted contributions and premiums.

19.   The CBA and Trust Agreements for the Health Fund and Pension Fund require Advanced Signs to pay liquidated damages on any untimely summitted contributions and premiums.

20.   The CBA and Trust Agreements for the Health Fund and Pension Fund require Advanced Signs to pay all reasonable attorneys' fees and costs incurred by the Funds in collecting unpaid contributions and premiums.

**COUNT I**
**BREACH OF CONTRACT/REPORT AMOUNT DUE**

21.   The Funds re-allege and incorporate by reference paragraphs 1-20 herein.

22.   For the months of October 2018 through May 2019, Advanced Signs submitted monthly remittance reports to the Funds identifying its employees in job classifications covered by the CBA and the number of hours that these employees worked that were covered by the CBA.

23.   Advanced Sign breached the terms of the CBA and Trust Agreements for the Pension Fund and Health Fund by failing to pay all amounts due to the Funds for the months of October 2018 through May 2019.  Specifically, based on the remittance reports submitted by Advanced Signs for months of October 2018 through May 2019, $21,835.93 is due and owing to the Funds for unpaid contributions.

24. Moreover, Advanced Signs is liable to the Funds for the CBA-obligated fringe benefit amounts for all hours worked by its employees for whom Advanced Signs is unable to produce satisfactory records verifying the type of work performed by any such individuals.

25. Pursuant to the CBA and Trust Agreements for the Health Fund and Pension Fund, Advanced Signs is liable to the Funds for all reasonable attorneys' fees and costs incurred in this litigation.

26. Pursuant to the CBA and Trust Agreements for the Health Fund and Pension Fund, Advanced Signs is liable to the Funds for liquidated damages on the unpaid contributions and premiums.

27. Pursuant to the CBA and Trust Agreements for the Health Fund and Pension Fund, Advanced Signs is liable to the Funds for interest charges on the unpaid contributions and premiums.

## COUNT II
## ERISA DAMAGES

28. The Funds re-allege and incorporate by reference paragraphs 1-27 herein.

29. The Funds are entitled to liquidated damages or double interest charges on any amounts found to be due and owing under ERISA § 502(g), 29 U.S.C. § 1132(g).

30. The Funds are entitled to attorneys' fees and costs incurred in this action under ERISA § 502, 29 U.S.C. § 1132.

31. The Funds are entitled to interest under ERISA § 502, 29 U.S.C. § 1132.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court against Defendant Advanced Signs, Inc. d/b/a Lakehead Sign Company as follows:

1. For judgment in the amount of $21,835.93 for unpaid contributions for the months of October 2018 through May 2019.

2. For judgment for all additional amounts to which the Plaintiffs are entitled, including interest and liquidated damages.

3. For an award of costs, disbursements and attorney fees according to law.

4. Such other and future relief as the Court deems just, equitable or proper.

Date:  June 26, 2019                     MCGRANN SHEA CARNIVAL
                                                              STRAUGHN & LAMB, CHARTERED


                                                              By:   s/ Amy L. Court
                                                                        Carl S. Wosmek (Atty. No. 300731)
                                                                        Amy L. Court (Atty. No. 319004)
                                                                        Christy E. Lawrie (Atty. No. 388832)
                                                                    800 Nicollet Mall, Suite 2600
                                                                    Minneapolis, MN 55402
                                                                    Telephone: (612) 338-2525
                                                                    csw@mcgrannshea.com
                                                                    alc@mcgrannshea.com
                                                                    cel@mcgrannshea.com

                                                                    *Attorney for Plaintiffs*

1146085.DOCX