UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TERRY NELSON and CLARK ANDERSON,
as Trustees of the Painters and Allied Trades
District Council No. 82 Health Care Fund;
TIMOTHY MAITLAND, as a fiduciary of the
International Painters and Allied Trades
Industry Pension Fund; TERRY NELSON and
MARK RISLUND, as Trustees of the Painters
and Allied Trades District Council 82 STAR Fund,
the Painters and Allied Trades District Council No.
82 Health Care Fund, and the International Painters and
Allied Trades Industry Pension Fund;

       Plaintiffs,

v.                                            **MEMORANDUM OF LAW & ORDER**
                                                     Civil File No. 19-1681 (MJD/LIB)

ADVANCED SIGNS, INC., doing business as
Lakehead Sign Company,

       Defendant.

Amy L. Court, Carl S. Wosmek, and Christy E. Lawrie, McGrann Shea Carnival Straughn & Lamb, Chtd., Counsel for Plaintiffs.

No appearance by Defendant.

**I.    INTRODUCTION**

This matter is before the Court on Plaintiffs' Motion for Entry of Judgment [Docket No. 9] and Plaintiffs' Motion for an Award of Attorneys' Fees and Costs [Docket No. 21]. The Court heard oral argument on October 23, 2019.

## II. BACKGROUND

### A. Factual Background

Plaintiffs Terry Nelson, Clark Anderson, Timothy Maitland, and Mark Rislund are trustees and fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the International Painters and Allied Trades Industry Pension Fund, and the Painters and Allied Trades District Council 82 STAR Fund (the "Funds"). (Compl. ¶ 1.) The Funds are multi-employer jointly-trusteed fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). (Id. ¶ 2.) With the exception of the Painters and Allied Trades District Council 82 STAR Fund, the Funds are administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"). (Id. ¶ 3.)

Defendant Advanced Signs, Inc. d/b/a Lakehead Sign Company ("Advanced Signs") accepted and agreed to be bound to the terms of two collective bargaining agreements negotiated between Advanced Signs and the

2

Painters and Allied Trades Local Union #106/District Council 82 with a term of May 1, 2015 through April 30, 2021 ("CBAs"). (Kolquist Aff. ¶ 2; Kolquist Aff., Ex. A, May 1, 2015 through April 30, 2018 CBA; Kolquist Aff., Ex. B, May 1, 2018 through April 30, 2021 CBA; Kolquist Aff., Ex. C, Signature Pages.)

The CBAs require Advanced Signs to submit monthly contributions to the International Painters and Allied Trades Industry Pension Fund and the Painters and Allied Trades District Council 82 STAR Fund on an hourly basis for each hour worked by its employees performing work covered by the CBA. (Kolquist Aff. ¶ 3; CBAs, Art. VII.) The CBAs further require Advanced Signs to submit a monthly premium to the Painters and Allied Trades District Council No. 82 Health Care Fund for each employee in a job classification covered by the CBA. (Id. ¶ 4; CBAs, Art. VII.)

Advanced Signs is bound to the Declaration of Trust for the Painters and Allied Trades District Council No. 82 Health Care Fund ("Health Fund") and the International Painters and Allied Trades Industry Pension Fund ("Pension Fund") and all amendments thereto as though it had actually signed the same. (Kolquist Aff. ¶ 5; CBAs, Art. V(2)(d).) The Trust Agreement for the Pension Fund states that the employer shall make all reports on contributions in such

manner and form required by the Funds. (Kolquist Aff. ¶ 6; Id., Ex. E, Pension Fund Trust Agreement, Art. VI § 5.) The Pension Fund requires signatory employers to identify and provide to the Pension Fund a list of its employees performing covered work on a monthly basis together with the number of such hours worked by its employees. (Kolquist Aff. ¶ 6.) The Trust Agreement for the Health and Welfare Fund states that employer contributions shall become delinquent if the premium is not received by the 15th day of the calendar month in which the contribution is payable. (Id. ¶ 7; Id., Ex. D, Health and Welfare Fund Trust Agreement, Art. IX § 9.01.) In order for the Funds to determine Advanced Sign's monthly premium, Advanced Signs is required to disclose to the Funds on a monthly basis all employees performing work in classifications covered by the CBAs. (Kolquist Aff. ¶ 7.) Under the CBAs and Trust Agreements for the Health Fund and Pension Fund, Advanced Signs must pay interest on any untimely submitted contributions and premiums. (Id. ¶ 8; Health and Welfare Fund Trust Agreement, Art. IX § 9.02; Pension Fund Trust Agreement, Art. VI § 4.)

For the months of October 2018 through May 2019, Advanced Signs submitted monthly remittance reports to the Funds showing that it owed

contributions to the Funds.  (Kolquist Aff. ¶¶ 9-10.)  Advanced Signs breached the terms of the CBAs and Trust Agreements for the Pension Fund and Health Fund by failing to pay all amounts due to the Funds for the months of October 2018 through May 2019.  (Id. ¶ 10.)  Based on the remittance reports submitted by Advanced Signs, $21,835.93 is due and owing to the Funds for unpaid contributions for the months of October 2018 through May 2019.  (Id.; Kolquist Aff., Ex. F, Delinquency Invoice.)

Under the CBAs and Trust Agreements for the Health Fund and Pension Fund, Advanced Signs must pay liquidated damages on any untimely contributions and premiums.  (Kolquist Aff. ¶ 11; CBAs, Art. VII; Health and Welfare Fund Trust Agreement, Art. IX § 9.02; Pension Fund Trust Agreement, Art. VI § 4.)  Liquidated damages in the total amount of $3,787.72 are due and owing for the period of October 2018 through May 2019.  (Kolquist Aff. ¶ 12.) Pursuant to the CBAs and Trust Agreements for the Health Fund and Pension Fund, Advanced Signs is liable to the Funds for interest charges on the unpaid contributions and premiums.  (CBAs, Art. VII; Health and Welfare Fund Trust Agreement, Art. IX § 9.02; Pension Fund Trust Agreement, Art. VI § 4.)  Interest in the total amount of $437.45 is due and owing for the period of October 2018

through May 2019. (Kolquist Aff. ¶ 14; Id., Ex. G, Interest Calculation.) Finally, under the CBA and Trust Agreements for the Health Fund and Pension Fund, Advanced Signs is liable to the Funds for all reasonable attorney's fees and costs incurred in this litigation. (Kolquist Aff. ¶ 15; CBAs, Art. VII; Health and Welfare Fund Trust Agreement, Art. IX § 9.03; Pension Fund Trust Agreement, Art. VI § 4.)

### B. Procedural History

Plaintiffs filed a Complaint against Defendant Advanced Signs in this Court on June 26, 2019. [Docket No. 1] The Complaint asserts Count 1: Breach of Contract/Report Amount Due and Count 2: ERISA Damages.

The Summons and Complaint were served on Defendant on June 28, 2019. [Docket No. 4] Advanced Signs failed to respond, and the time to answer or otherwise respond has passed. On July 22, 2018, the Funds filed for default, and on July 23, 2019, the Clerk entered default. [Docket Nos. 5, 8]

On September 5, 2019, Plaintiffs filed the current Motion for Entry of Judgment against Defendant. [Docket No. 9] Plaintiffs served notice of the motion for default and accompanying documents to Defendant on September 12 and served the amended notice on September 23. [Docket Nos. 17, 19] The Court heard oral argument on October 23, 2019. Defendant failed to appear. At

6

the Court's direction, Plaintiffs filed a new Motion for an Award of Attorneys' Fees and Costs and supporting affidavit, limiting the fees and costs requested to reasonable fees and costs incurred solely in this action. [Docket No. 22]

## III. DISCUSSION

Defendant has failed to answer or otherwise appear in this matter, and the Clerk's Office has entered default against it; thus, this matter is ripe for default judgment. Fed. R. Civ. P. 55. The Court accepts the factual allegations in the Complaint as true because "[a] default judgment entered by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Constr., LLC v. Potashnick Constr., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citations omitted).

> When a default judgment is entered on a claim for an indefinite or uncertain amount of damages, facts alleged in the complaint are taken as true, except facts relating to the amount of damages, which must be proved in a supplemental hearing or proceeding.

Everyday Learning Corp. v. Larson, 242 F.3d 815, 818 (8th Cir. 2001) (citations omitted).

> Under ERISA,
>
> [e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not

7

> inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145.

Based on the evidence submitted by Plaintiffs, they are entitled to an order finding Defendant liable for all amounts due under the remittance reports submitted from October 2018 through May 2019, which show that Defendant is liable for $21,835.93 in unpaid contributions; liquidated damages of $3,787.72; and interest of $437.45.

Based on the November 2019 Declaration of Christy Lawrie and accompanying exhibits, Plaintiffs have shown that, in prosecuting this action, they have incurred attorney's fees of $2,132.50 and costs of $537.10 for a total amount of $2,669.60.  (Lawrie Decl., Exs. A-B.)  The Court has carefully reviewed the evidence submitted and concludes that the fees and costs requested are reasonable, based both on the amount of time spent and the billing rates, and well supported by the record.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Plaintiffs' Motion for Entry of Judgment [Docket No. 9] is **GRANTED IN PART** and **DENIED IN PART** and Plaintiffs' Motion for an Award of Attorneys' Fees and Costs [Docket No. 21]

is **GRANTED** as follows: Defendant Advanced Signs, Inc. d/b/a Lakehead Sign Company is liable to Plaintiffs Terry Nelson, Clark Anderson, Timothy Maitland, and Mark Rislund, as trustees and fiduciaries of the Painters and Allied Trades District Council No. 82 Health Care Fund, the International Painters and Allied Trades Industry Pension Fund, and the Painters and Allied Trades District Council 82 STAR Fund, for a total sum of $28,730.70, which consists of $21,835.93 in unpaid contributions; liquidated damages of $3,787.72; interest of $437.45; attorney's fees of $2,132.50; and costs of $537.10.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: December 11, 2019         s/ Michael J. Davis
                                 Michael J. Davis
                                 United States District Court